May it please the Court, my name is Jerry Snyder. I represent appellant Kenny Kruse in this matter. Mr. Kruse received ineffective assistance of counsel at trial when his attorney essentially pled him guilty, admitted his guilt in front of the jury to a possession charge and to an accessory charge. Possession of a felon and possession of a firearm. What was his defense to that? His defense to that was a purely factual one, i.e., he did not have a, he did not, he was not in possession of a weapon. He was with someone who had a weapon, but Mr. Kruse himself maintains that he did not have a weapon. What evidence was there that he didn't have possession of? I believe he was able to testify, but I can't speak completely as to the trial record. If we need supplemental briefing on that, we can provide it. I think that's an issue. I mean, the guy was charged with a bunch of things. He was acquitted of four counts. And the lawyer made a decision that the guy didn't have a defense to being in possession of the weapon. And I'm not sure, and I don't hear you telling me what evidence there was that he didn't. Did he testify at the trial? I don't know whether he testified at trial. I think he was available to testify at trial. And the fact is, whether or not there was evidence of that, in order for his attorney to have admitted to those charges, he would have had to, you know, Mr. Kruse would have had to knowingly allow that, and he did not. Notably, the evidentiary record here is not terribly adequate because the district court dismissed this on procedural grounds and we didn't even get to the merits. No, there's a trial record. There is a trial record, that's true. But in terms of, you know, whether the extent to which Mr. Kruse agreed to have his counsel admit to these charges is not going to be reflected in the trial record. That would have had to have been developed on post-conviction. No, but it would reflect whether there's any evidence that he possessed or didn't possess the gun. My impression is there's no evidence that he didn't possess it, which is why the lawyer made the concession in closing argument. Whether or not there was no evidence that he possessed it is, I think, immaterial. He could have presented no evidence and still demanded that the prosecution bear its burden of showing evidence, showing sufficient evidence for the jury to find that he did possess a gun. The fact that there's no evidence doesn't show that Mr. Kruse is guilty. The fact that there's no evidence implies that, you know, maybe or maybe not the State proved its case. Your argument is that that's a weighing matter. If you're entitled to an evidentiary hearing, that's a weighing matter. I believe that's correct. That's never been examined. Isn't it correct? It's never been examined at a hearing? I believe that is correct. Whether it was pure tactics and defensible tactics or inexcusable, ineffective assistance of counsel. That has not been weighed because it was the court determined that it was procedurally barred. In any event, at this stage, that has not been presented to either the Federal district court or a State district court that could make findings of fact on that sufficiently because Mr. Kruse, under Nevada law, Mr. Kruse may not bring a claim for ineffective assistance on direct appeal. That has to be brought through post-conviction relief. Here, Mr. Kruse did assert some claims for ineffective assistance on post-conviction. However, he did not assert this claim in his first post-conviction petition. Ironically, Kruse is in a position where he has a right to ineffective assistance of counsel, but he doesn't have a right to effective assistance to vindicate that right on post-conviction relief. Now, this is just my view. You know, at this level on this Court, we don't conference prior to argument. You're aware of that? So what you're about to hear is my view. It may or may not be the views of my colleagues. It seems to me that the narrow window you have to slip through to provide relief for your client is under Valerio and Korner, the cases that say specifically related to the Nevada Supreme Court that if they cite this statute that they cite so often but don't precisely identify which grounds applies to which, that doesn't constitute independent and adequate under habeas law. You're entitled to a hearing. My question is, why wasn't that raised until your reply brief? I don't have a good answer for that. I was, I, neither myself nor Mr. Flanagan picked it up. The very order that brought about supplemental briefings cited Valerio and I think Korner, both, didn't it? I believe the order for supplemental briefings cited Korner. I'm not sure that it cited Valerio. We didn't need much else, did you? As I read the supplemental, the order for supplemental briefing, I understood it to be asking for additional information from Korner regarding the question of whether he had waived his, he had waived his argument that there were no, I'm sorry, I'm floundering here. He had waived his argument. Well, both Valerio and Korner sort of push waiver aside, don't they? Right. They do. The simple question is, did the Nevada Supreme Court precisely identify the grounds? And if they didn't, it's not adequate under our case law, and the case goes back. That's true. And here the Nevada Supreme Court. And we asked you to, to brief that and to share your views on that, and you didn't even raise it until your reply brief. What I understood the supplemental brief to be, that to be asking for was whether he had waived his right to assert that the State law grounds were not independent and adequate because the State had not met its burden. I did not understand that to be addressing the issue of whether the, whether the State Supreme Court had adequately set forth the reasons for its decisions. That was my mistake, and I apologize to the Court. However, in this case, there's clearly no prejudice to the State from the failure to, to provide that briefing. There's nothing the State could have done to fix the infirmity in the Nevada Supreme Court's ruling after briefing. The Nevada Supreme Court held, and, and, you know, to contrast the language of Valerio with the language of the Nevada Supreme Court's order, in Valerio, the court found it to be reversible error, where affirming the Nevada Supreme Court, the Nevada District Court's dismissal of claims 1 through 18, the Nevada Supreme Court failed to specify which claims had previously been presented to the State Court and could not be relitigated, and which had never been presented to the State Court and had been waived. And that's this case, isn't it? That, that is exactly this case. The Nevada Supreme Court's decision discussed, discussed this in one paragraph. It stated, asserted claims that had not been previously asserted in any prior proceeding. The appellant also raised claims that had been previously considered in his prior appeals and petitions. The record clearly establishes that the appellant's claims were procedurally barred. And that is the extent of the Nevada Supreme Court's discussion of the procedural bar under NRS 34.810. That is exactly what this Court held was in, you know, insufficient in Valerio. And so it's appropriate for Mr. Cruz to have raised this issue in a Federal habeas petition. Okay. You're down to about two minutes to go. I'd like to just save that for rebuttal. Thank you, Your Honors. Thank you for your argument, Counsel. We'll hear from the State at this time. Mr. Neidert, did I pronounce it right? Thank you. Good morning. Good morning. If it pleases the Court, my name is David Neidert. I'm a Deputy Attorney General. I know all about the Korner case because I argued that case in front of this Court as well. And I think waiver, as this Court asked, is, in fact, the appropriate discussion because waiver is an important consideration on whether the Korner and Valerio cases would apply. In fact, the Korner decision itself has a long discussion on the waiver issue. It's found on page 1048 and 1049 of the decision. They spend a lot of time talking about waiver because it had not been raised previously. And in that particular case, in the facts of the Korner case, because there was a direct conflict between Mr. Korner and his appellate counsel, culminating in his release by Mr. Korner and ultimately Mr. Korner rather eerily arguing from the Ely State Prison before this Court through the loudspeaker systems, which was an interesting experience, the Court found that it was, in fact, good cause and found that one of the factors to excuse the waiver. That hasn't happened in this case. Mr. Cruz has had the same attorneys both below and on appeal. They're the captains of their litigation. And they did not present that argument at all, even after Valerio and even after Korner, and even after this Court asked for supplemental briefing and actually pointed them towards the Korner decision. It did not point them towards Valerio directly, but it certainly did indirectly because Korner itself relies so heavily on Valerio. Let's say this panel chooses, I'm not predicting that it will, but let's say this panel chooses to apply Valerio and Korner. What's the prejudice to the State? Well, I think the, well, first of all, the prejudice at this point in time is the, is actually litigating so many years after the fact the processes involved in the process to require an evidentiary hearing because the facts were not developed in the State court. They were not developed in the Federal court. The facts are just there, or alleged, and because of the. No allegation about the concession of guilt is there. What? That's a fact. That happened, didn't it? There was a concession. But then, but the disputed fact is whether that was or what Mr. Cruz knew about in advance. Would they discuss it? We don't know that. We do not know that. In fact, at one point in the post-conviction proceedings or in the direct appeal in Nevada State court, didn't the appellate courts basically say what we typically say on direct appeal, an issue like that's raised? The record here is not adequate to do it. You can raise that in post-conviction. And then the issue was not raised in Mr. Cruz's first post-conviction petition. It was in his second, wasn't it? It was raised in his second one. The Nevada Supreme Court said they thought there was something to it, right? But the Nevada Supreme Court also found that the second petition, after some litigation, the district court, the state district court did a very summary order. It's in the record dismissing the petition as being successive. And then the Nevada Supreme Court issued an order to show cause to both parties to brief that further. After that, then it issued the order finding the claim procedurally barred. And I realize, and I'm not disputing, that it has a sentence almost identical to the sentence that this court condemned in corner with respect to procedural default. Does the state lack confidence that it could prevail at a hearing on this issue? I don't know. I don't think we lack confidence, Your Honor. But I think procedural default is like any the reason behind procedural default rules, Your Honor, at least as I understand them, is that if the state has mechanisms in place, particularly in line of the current habeas corpus law that requires the fact to be developed in the state court as opposed to the federal court, if at all possible, that if Mr. Cruz had followed the correct procedure, he could have litigated the case at an earlier time. The passage of time, in any case. Would he have had to anticipate Valerio in corner? I think at the very least. I'm going to start with an answer to my question. Okay. Would he have had to anticipate Valerio in corner? I don't think so, Your Honor. I think it was incumbent in the federal litigation at least to challenge the adequacy of the procedural bar, which was not done in any fashion. The extant law at the time of the second petition was the three-judge panel decision  I believe so, Your Honor. And that was withdrawn, as you probably know. That's correct, Your Honor. And turned around by the en banc court. That's correct. And the Supreme Court denied cert. That's correct. My point is, though, Your Honor, is that at no point, as this Court pointed out, as you pointed out in Mr. Snyder's time, that the waiver issue wasn't even addressed until the supplemental reply brief. That they could have challenged at some point the adequacy of the procedural bar process. Instead, the litigation strategy all the way through was to try to show cause and prejudice to overcome the procedural bar. They never said this is an adequate procedural bar for any reason. So Cruz should be the victim of a dumb lawyer mistake? Well, I don't know. You're not entitled to effective assistance of either state post-conviction or federal habeas counsel, Your Honor. So yes, in the context that since you only have the right to effective assistance of counsel on trial and direct appeal, then Mr. Cruz bears that burden. Let me make sure I understand some of the procedural history here. Do I understand correctly that Mr. Cruz, who was sentenced in Nevada, is no longer serving his time in Nevada? That is correct, Your Honor. He was paroled on his Nevada sentence. Is he still on parole? I honestly, I think he's still on his Nevada parole. He may have problems with the state of California. But if they are, those are irrelevant to these proceedings. But as far as I know, he's still on his Nevada parole. You know, our habeas jurisdiction expires when he maxes out on his sentence. I just want to make clear that he is still on parole. He's still on parole. And in fact, my understanding of habeas corpus jurisprudence is such that if he's in custody at the time he filed his petition, even if his sentence is fully expired, this court and the federal courts still have jurisdiction because of the collateral consequences of an eviction. But if his sentence is expired and then he filed a habeas petition, even though there are collateral consequences at that point in time, he still, he can't file it. But because he filed it while he was in custody, we're not questioning at all that this court has jurisdiction on that basis. Let me ask you also, he was convicted of being a felon in possession. That was one of the charges that counsel had told the jury he should be found guilty of. And what was the other one, being accessory to a felony? I think the big crime that he was convicted of was attempted murder. That's right. That's what I'm getting at. Even if counsel should not have conceded the felon in possession and the accessory, how does that affect the attempted murder charge? I don't think it really does. The times were served concurrently, right? And I think the argument would be that the attempted murder charge didn't depend on that argument, that the attempted murder charge was based, because the attorney rather vigorously opposed the attempted murder charge, and it was on an accessory-type theory, and I believe the evidence was that the other person that Mr. Cruz was with was actually the trigger man who shot the victim in this case. Do I understand correctly that the sentences for felon in possession and the accessory were served concurrently with the attempted murder charge? That's my understanding, yes. That's correct, Your Honor. Was vigorously defended. Yes. And the ineffective assistance of counsel for conceding guilt is the only issue that was raised on appeal, even though this Court granted a rather broad certificate of appealability on all claims of ineffective assistance of counsel. If the sentence, following up on Judge Silverman's question, if the sentences were served concurrently, then what are the collateral consequences to Mr. Cruz of having the conviction for being a felon in possession? If in effect only, I would actually, on that basis, I would say he probably has no collateral consequences because his conviction for attempted murder would still stand. And are there collateral consequences if he were to be arrested subsequently? Presumably that would show up in a PSR. It would show up in a pre-sentence investigation. However, it would also show the attempted murder, and I'm sure any sentencing court would look at that attempted murder as being a much more serious charge than being an ex-felon in possession of a firearm, which is almost in some ways sort of a, because Mr. Cruz is already a felon, from a tactical standpoint, and I realize that the record was not raised as to why this might have happened, but I think it's one of those things where the jury, the trial counsel would say to the jury, look, we admit he had a gun, we know he shouldn't have had one, but he didn't do this crime. He did not commit attempted murder. And that was vigorously contested, and the jury decided he was in fact guilty. Did Cruz testify at the trial? I do not believe that he did, but I don't have the trial transcript in front of me to say absolutely, Your Honor. Thanks. So on that basis, Your Honor, I believe, and I'll go back, I believe the issue has in fact been waived, and we would ask that this court affirm the district court. Thank you for your argument, counsel. Rebuttal? Why don't you begin by responding to the collateral consequence point that Judge Silberman made? Well, I think that, you know, to say there's no collateral consequences to having an additional two felonies on his record is sort of glossing over the issue. Your argument is there are collateral consequences, right? I think there is always going to be collateral consequences from having additional felonies. What are they? As Judges Silberman and Bybee mentioned, if he, you know, in a pre-sentence report, those will be additional, in any future sentencing, those will be additional issues on his record that he will have to address one way or another. Now, you know, is a sentencing body going to just say, well, you know, he has an attempted murder here. You know, we're not going to consider those two. Those aren't going to pile onto it. I don't think so. I think that the existence of additional felonies is inherently prejudicial to him. I don't think you can. Is your argument that it will raise his sentencing exposure if he's charged and convicted of a future felony? Exactly. Exactly. You know, by what margin? You know, that's speculation. The fact is those convictions were the product of a constitutionally flawed process. And to say, well, he's not going to be really be prejudiced by him because he's already gone to jail for something else, and he would have gone to jail for that anyway, I think that's a little facile. So if you prevail, then what happens is he gets his felon in possession charge reversed. He gets his accessory to a felony charge reversed. But the main event, the attempted murder charge, stays. Is that right? I am not certain of that. But I believe that to be a correct assertion. Okay. Thank you for your argument. Thank both counsel for their argument. The case just argued will be submitted for decision. And we'll proceed to Lockbeer-Singh v. Ashcroft. Counselor, President, if you'd come forward, please. May it please the Court.
judges: Hawkins, Silverman, Bybee